# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WMCV Phase 1 SPE, LLC,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>New Classic Home Furnishing, Inc,<br><br>　　　　　Defendant | Case No. 2:23-cv-01044-CDS-NJK<br><br>**Order Denying Plaintiff's Motion to Remand to State Court, Denying Plaintiff's Motion for Partial Relief, and Setting Order to Show Cause Why Sanctions Should Not Be Issued for Failing to Comply with FRCP 7.1(a) and Orders of the Court**<br><br>[ECF Nos. 12, 34] |

　　　This contract dispute was removed to federal court by defendant New Classic Home Furnishing, Inc., a California Corporation, based on diversity of citizenship under 28 U.S.C. §§ 1332, 1367, 1441(a) and (b), and 1446. Removal Pet., ECF No. 1. Plaintiff WMCV Phase 1 SPE, LLC, a Delaware Limited-Liability Company, moves to remand this action back to state court, arguing that there is not complete diversity amongst the parties because a sole member within WMCV's corporate chain, Blackstone IMC Holdings Q – LLC, Blackstone Real Estate Partners VIII LP, is a California "resident." ECF No. 12 at 6. New Classic opposes removal. Opp'n, ECF No. 20. Also pending before the court is WMCV's motion for partial relief from compliance with Federal Rule of Civil Procedure 7.1(a)(2). ECF No. 34. For the reasons set forth herein, the court denies WMCV's motion for partial relief from compliance with 7.1(a)(2), denies WMCV's motion for remand without prejudice, and enters an order to show cause why WMCV should not be sanctioned for failing to comply with Fed. R. Civ. P. 7.1(a)(2) and multiple court orders.

**I.　　Discussion**

　　　"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017).

The Federal Rules of Civil Procedure require that when an action is filed or removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), each party must file a disclosure statement that identifies the citizenship of every individual or entity whose citizenship is attributed to that party. *See* Fed. R. Civ. P. 7.1(a)(2)(A). "The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party...." Fed. R. Civ. P. 7.1(a)(2). It is well settled that both partnerships and LLCs are citizens of every state of which its owners and/or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (LLCs are treated like partnerships so they are citizens of every state of which any member is a citizen for the purposes of diversity jurisdiction).

Rule 7.1(a)(2)'s plain language **requires** that a party name and identify the citizenship of every individual or entity attributed to it. Fed. R. Civ. P. 7.1(a)(2). Compliance with the rules of procedure is not only expected, but helpful in resolving questions such as jurisdiction early in an action. The Advisory Committee Notes to amended Rule 7.1 do not address how far an inquiry into attribution needs to proceed to satisfy its requirements. *See generally* Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment. But the notes do cite examples of when attributed citizenship may apply. The notes specifically discuss LLCs and partnerships, which both take on the citizenship of each of its owners and emphasize "disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship." *Id.*

1    It is unclear to this court how WMCV cannot obtain the necessary information to fully
2 comply with Rule 7.1(a)(2), and its proffer that it "simply cannot comply with the Court's Order
3 to make citizenship disclosures regarding 'every individual or entity'" because "WMCV is part of
4 a complex chain of various limited liability companies and limited liability partnerships, who
5 have no obligation to provide WMCV with information regarding all members and sub-
6 members", without more, is unconvincing. ECF No. 34 at 1. Nonetheless, WMCV asks this
7 court to "limit [its] disclosure requirements" here without detailing its efforts to comply with
8 the rule, providing any documentation showing the lack of obligation to provide information,
9 nor addressing the implications under the Rules of Professional Conduct of not complying. *See*
10 *generally id.*
11    The court has given WMCV three opportunities to comply with the rules. *See* Min.
12 Order, ECF No. 3; Order, ECF No. 31; Min. Order, ECF No. 33. Yet, WMCV has still failed to
13 comply. It is of particular concern to the court that WMCV's filings appear purposefully evasive.
14 For example, New Classic's opposition to the motion to remand noted that WMCV did not
15 identify Blackstone IMC Holdings Q – LLC, Blackstone Real Estate Partners VIII LP as a
16 California *citizen*, but only as a resident. ECF No. 20 at 7. Then WMCV's reply stated that, at the
17 time WMCV filed the reply, it has been unable to confirm the identity of the limited partner of
18 Blackstone Real Estate Partners VIII LP who is believed to be a citizen of California. ECF No. 22
19 at 6. The reply also stated that "Mr. Patton's Declaration did, in fact, state that he 'ended [his]
20 prior inquiry after learning that at least one California citizen has an ownership interest.'" ECF
21 No. 22 at 5, n.3 (citing ECF No. 13, Ex. 1 at ¶ 6). But Patton's declaration did not identify who the
22 alleged California citizen is, instead stated "Blackstone IMC Holdings Q – LLC, Blackstone Real
23 Estate Partners VIII LP, is a California **resident**." ECF No. 13 at 5, ¶ 5.
24    Then, in its now-stricken amended certificate of interested parties, WMCV stated that
25 Blackstone Tactical Opportunities Fund – S L.P. is a California citizen. ECF No. 32 at 2. But its
26 most recent filing fails to identify any California citizen. Instead, it states "BTOF-S is one of

WMCV's higher-tiered sub-members.... is registered in the State of Delaware. BTOF-S' general partner is Blackstone Tactical Opportunities Associates L.L.C., a Delaware limited-liability," and but maintains "WMCV does not possess any additional details regarding the identities of BTOF-S' other limited partners and/or their citizenship." *See* Notice, ECF No. 37.

Unless an exception applies, full compliance with the Federal Rules is not just expected but required. While seemingly unnecessary to note, compliance with court orders is also mandatory, unless and until points and authorities are provided for not doing so. Failing to comply with rules and/or orders, or utilizing the rules for gamesmanship, will not be tolerated.[1]

Accordingly, WMCV's motion for partial relief is denied. And because the court has given WMCV multiple opportunities to comply, its motion to remand is also denied without prejudice. To address the concerns of the court detailed in this order, WMCV is ordered to appear at a show cause hearing to discuss why it cannot comply with Federal Rule 7.1 and this court's orders.

**II.     Conclusion**

IT IS HEREBY ORDERED that WMCV's motion to remand **[ECF No. 12] is DENIED without prejudice**.

IT IS FURTHER ORDERED that WMCV's motion for partial relief **[ECF No. 34] is denied.**

IT IS FURTHER ORDERED that a representative from WMCV and WMCV's counsel appear for a show cause hearing on April 11, 2024 at 1:00 pm in LV Courtroom 6B, to address the court's concerns regarding its failure to comply with court orders and Fed. R. Civ. P. 7.1(a)(2).

Date: March 29, 2024

_____
Cristina D. Silva
United States District Judge

---

[1] To be clear, the court is making a finding that WMCV has engaged in gamesmanship at this time, but for the reasons set forth in this order, its failure to comply with court's orders is circumstantial evidence of such.